UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GERALDINE L. BRETON,

        Plaintiff,

Case No. 1:08-CV-124

v.

Hon. Richard Alan Enslen

ST. MARY'S MERCY
MEDICAL CENTER,

**PARTIAL JUDGMENT**

        Defendant.
_____/

        Defendant St. Mary's Mercy Medical Center has moved to partially dismiss Plaintiff Geraldine L. Breton's Complaint, and in particular her claim under the Equal Pay Act ("EPA"), 29 U.S.C. § 209(d).  Plaintiff was warned to respond to the Motion by Order of June 2, 2008.  Because no response has been filed and the relief sought is just, this Partial Judgment shall enter dismissing the EPA claim without oral argument.   *See* W.D. Mich. LCivR 7.2(d).

        Under Rule 12(b)(6), the district court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  The allegations must be construed in the plaintiff's favor.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

        Rule 12 requires only a "short and plain statement of the claim" and not detailed allegations.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

This standard is not empty, however. It requires more than the bare assertion of legal conclusions. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). A complaint need not anticipate defenses. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004). However, the complaint "'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The district court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

In order to state a claim under the EPA, a plaintiff must show that an employer paid different wages to employees of opposite sexes for equal work. *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974) (quoting 29 U.S.C. § 206(d)(1)); *see also Beck-Wilson v. Principi*, 441 F.3d 353, 359-60 (6th Cir. 2006) (citing cases). In this case, Plaintiff, a woman, has alleged that she was not paid as much as another woman (Jeanne Hudson). (*See* Compl. 6.) This allegation fails to state an EPA claim as a matter of law.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant St. Mary's Mercy Medical Center's Motion for Dismiss (Dkt. No. 7) is **GRANTED** and Plaintiff's EPA claim only is **DISMISSED WITH PREJUDICE**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>   July 7, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

2